IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 2019-cv-01816-STV

MOHAMED DIRSHE,

      Plaintiff,

vs.

THE GEO GROUP, INC.,

      Defendant.
_____

## ANSWER AND JURY DEMAND
_____

Defendant, THE GEO GROUP, INC. hereby submits its Answer to Plaintiff's Complaint and Jury Demand (Doc. 5) (hereinafter "Complaint"). All allegations not specifically admitted below are denied.

## I. INTRODUCTION

1.     With respect to the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendant admits that in May of 2017 Plaintiff was in the custody of the U.S. Immigration and Customs Enforcement ("ICE") and confined at the Aurora Detention Facility ("ADF"). Defendant further admits that it operates and manages ADF pursuant to contracts with the federal government. Defendant otherwise denies all remaining allegations contained in paragraph 1.

2.     With respect to the allegations contained in paragraph 2 of Plaintiff's Complaint, Defendant admits that Plaintiff had requested protective custody and, in

response to such request, Defendant placed Plaintiff in protective custody in the Restricted

Housing Unit ("RHU") at ADF. Defendant further admits that certain detainees in the

custody of the United States Marshals Service ("USMS") were also held in the RHU.

Defendant otherwise denies all remaining allegations contained in paragraph 2.

3.      Defendant is currently without knowledge as to the allegations contained in

paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4.      With respect to the allegations contained in paragraph 4 of Plaintiff's

Complaint, Defendant admits that an incident took place on May 2, 2017, involving Plaintiff

and certain USMS detainees. Defendant otherwise denies all remaining allegations

contained in paragraph 4.

5.      Defendant denies the allegations contained in paragraph 5 of Plaintiff's

Complaint.

## PARTIES

6.      Defendant is currently without knowledge as to the allegations contained in

paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.      Defendant admits the allegations contained in paragraph 7 of Plaintiff's

Complaint with the exception of Defendant's address. Defendant asserts that its address

is 4955 Technology Way, Boca Raton, Florida 33431.

8.      Defendant admits the allegations contained in paragraph 8 of Plaintiff's

Complaint.

9.      Defendant asserts that the allegations contained in paragraph 9 of Plaintiff's

Complaint contain statements of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## JURISDICTION AND VENUE

10.    With respect to the allegations contained in paragraph 10 of Plaintiff's Complaint, Defendant admits that jurisdiction had been invoked pursuant to C.R.S. § 13-1-124(1)(a)-(b); however, this action was removed to federal court as jurisdiction was also appropriate in that court. Defendant otherwise denies all remaining allegations contained in paragraph 10.

11.    With respect to the allegations contained in paragraph 11 of Plaintiff's Complaint, Defendant admits that Plaintiff had asserted that venue was proper in the District Court for Adams County pursuant to C.R.C.P. 98(c)(5); however, this action was removed to federal court as venue was also proper in that court. Defendant otherwise denies all remaining allegations contained in paragraph 11.

## STATEMENT OF FACTS

12.    With respect to the allegations contained in paragraph 12 of Plaintiff's Complaint, Defendant admits that Plaintiff arrived at ADF in December of 2016. Defendant is otherwise currently without knowledge as to the remaining allegations contained in paragraph 12 and therefore denies the same.

13.    With respect to the allegations contained in paragraph 13 of Plaintiff's Complaint, Defendant admits that it operates and manages ADF pursuant to contracts with the federal government and houses detainees in the custody of ICE and detainees in the

3

custody of the USMS. Defendant otherwise denies all remaining allegations contained in paragraph 13.

14.     With respect to the allegations contained in paragraph 14 of Plaintiff's Complaint, Defendant admits that Plaintiff was held in general population for a time after his arrival. Defendant otherwise denies all remaining allegations contained in paragraph 14.

15.     With respect to the allegations contained in paragraph 15 of Plaintiff's Complaint, Defendant admits that individuals held at ADF are housed for varying periods of time. Defendant otherwise denies or is currently without knowledge to the remaining allegations contained in paragraph 15 and therefore denies the same.

16.     With respect to the allegations contained in paragraph 16 of Plaintiff's Complaint, Defendant asserts that such allegations contain opinions and do not require a response. Defendant otherwise denies the remaining allegation or is without knowledge as to the remaining allegations contained in paragraph 16 and therefore denies the same.

17.     With respect to the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendant admits that Plaintiff requested protective custody. Defendant otherwise denies all remaining allegations contained in paragraph 17.

18.     With respect to the allegations contained in paragraph 18 of Plaintiff's Complaint, Defendant admits that Plaintiff requested protective custody. Defendant otherwise denies or is currently without knowledge to the remaining allegations contained in paragraph 18 and therefore denies the same.

19.     With respect to the allegations contained in paragraph 19 of Plaintiff's Complaint, Defendant admits that at the times relevant to this action, the RHU at ADF contained ICE and USMS detainees housed in disciplinary segregation and ICE and USMS detainees housed in administrative segregation. Defendant otherwise denies all remaining allegations contained in paragraph 19.

20.     With respect to the allegations contained in paragraph 20 of Plaintiff's Complaint, Defendant asserts that such allegations contain opinions and do not require a response. To the extent a response is deemed required, Defendant denies the allegations in paragraph 20.

21.     With respect to the allegations contained in paragraph 21, Defendant admits that it had policies and procedures in place with respect to the housing of ICE detainees and USMS detainees in the RHU at ADF and asserts that such policies and procedures speak for themselves. Defendant otherwise denies all remaining allegations contained in paragraph 21.

22.     Defendant is currently without knowledge as to the allegations contained in paragraph 22 and therefore denies the same.

23.     With respect to the allegations contained in paragraph 23, Defendant asserts that any such policies and procedures speak for themselves. Defendant is otherwise currently without knowledge as to the remaining allegations contained in paragraph 23 and therefore denies the same.

24.     Defendant is without knowledge as to the allegations contained in paragraph

5

24 of Plaintiff's Complaint and therefore denies the same.

25.    Defendant is without knowledge as to the allegations contained in paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26.    Defendant is without knowledge as to the allegations contained in paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27.    Defendant is without knowledge as to the allegations contained in paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28.    Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.    With respect to the allegations contained in paragraph 29 of Plaintiff's Complaint, Defendant admits that Plaintiff was escorted out of the RHU on May 2, 2017. Defendant otherwise denies all remaining allegations contained in paragraph 29.

30.    With respect to the allegations contained in paragraph 30 of Plaintiff's Complaint, Defendant admits that Plaintiff was being escorted back to the RHU and that, at that time, USMS detainees were directed out of the common area into the shower area. Defendant otherwise denies or is currently without knowledge to the remaining allegations contained in paragraph 30 and therefore denies the same.

31.    With respect to the allegations contained in paragraph 31 of Plaintiff's Complaint, Defendant admits that Plaintiff was being escorted back to the RHU and that, at that time, USMS detainees were directed out of the common area into the shower area. Defendant otherwise denies or is currently without knowledge to the remaining allegations

contained in paragraph 31 and therefore denies the same.

32.     With respect to the allegations contained in paragraph 32 of Plaintiff's Complaint, Defendant admits that Plaintiff was being escorted back to the RHU and that, at that time, USMS detainees were directed out of the common area into the shower area. Defendant otherwise denies or is currently without knowledge to the remaining allegations contained in paragraph 32 and therefore denies the same.

33.     With respect to the allegations contained in paragraph 33 of Plaintiff's Complaint, Defendant admits that the officer escorting Plaintiff to the RHU entered the RHU after the USMS detainees were directed out of the common area into the shower area. Defendant otherwise denies all remaining allegations contained in paragraph 33.

34.     With respect to the allegations contained in paragraph 34 of Plaintiff's Complaint, Defendant admits that, following Plaintiff's entry into the RHU, USMS detainees left the shower area and began to strike Plaintiff and Plaintiff fell to the ground. Defendant otherwise denies all remaining allegations contained in paragraph 34.

35.     Defendant is without knowledge as to the allegations contained in paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36.     With respect to the allegations contained in paragraph 36 of Plaintiff's Complaint, Defendant admits that several officers responded to the incident. Defendant otherwise denies all remaining allegations contained in paragraph 36.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     With respect to the allegations contained in paragraph 40 of Plaintiff's Complaint, Defendant admits that the Aurora Police Department was notified of the incident. Defendant otherwise asserts that any report generated by the Aurora Police Department speaks for itself and denies all remaining allegations contained in paragraph 40.

41.     With respect to the allegations contained in paragraph 41 of Plaintiff's Complaint, Defendant admits that the Aurora Police Department was notified of the incident. Defendant otherwise asserts that any report generated by the Aurora Police Department speaks for itself and denies all remaining allegations contained in paragraph 41.

42.     With respect to the allegations contained in paragraph 42 of Plaintiff's Complaint, Defendant admits that the ADF medical staff followed Plaintiff and asserts that any records generated by medical staff speak for themselves and otherwise deny all remaining allegations contained in paragraph 42.

43.     With respect to the allegations contained in paragraph 43 of Plaintiff's Complaint, Defendant admits that Plaintiff was provided with medical treatment. Defendant otherwise asserts that any records generated from such treatment speak for themselves

and otherwise deny all remaining allegations contained in paragraph 43.

44.     With respect to the allegations contained in paragraph 44 of Plaintiff's Complaint, Defendant admits that Plaintiff was provided with medical treatment. Defendant otherwise asserts that any records generated from such treatment speak for themselves and otherwise deny all remaining allegations contained in paragraph 44.

45.     Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.     Defendant is without knowledge as to the allegations contained in paragraph 47 of Plaintiff's Complaint and therefore denies the same.

48.     Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     With respect to the allegations contained in paragraph 49 of Plaintiff's Complaint, Defendant admits that it disciplined certain employees following the incident made a subject of this action. Defendant otherwise denies all remaining allegations contained in paragraph 49.

## CLAIM FOR RELIEF
### Negligence

50.     Defendant adopts its responses to the allegations contained in paragraphs 1 through 49 of Plaintiff's Complaint as though fully set forth herein.

51.     With respect to the allegations contained in paragraph 51 of Plaintiff's

9

Complaint, Defendant asserts that such allegations contain statements of law and/or opinion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 51.

52.     With respect to the allegations contained in paragraph 52 of Plaintiff's Complaint, Defendant asserts that such allegations contain statements of law and/or opinion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 52.

53.     With respect to the allegations contained in paragraph 53 of Plaintiff's Complaint, Defendant asserts that such allegations contain statements of law and/or opinion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 53.

54.     Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     With respect to the allegations contained in paragraph 57 of Plaintiff's Complaint, Defendant asserts that such allegations contain statements of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 57.

**PRAYER FOR RELIEF**

Defendant denies all allegations contained in the "WHEREFORE" clause contained on page 8 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief in this matter.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1.     Defendant alleges that the sole proximate cause of the injuries and/or damages alleged were due to the negligence, intentional conduct, and/or fault of Plaintiff or that his negligence, intentional conduct, and/or fault contributed to the same.  On a comparative basis, the negligence and/or fault of Plaintiff far outweighs that of Defendant, whose negligence and/or fault is specifically denied.

2.     Defendant alleges that Plaintiff's injuries and damages, if any, were proximately caused by the conduct and/or fault of third-parties.

3.     Defendant alleges that Plaintiff has failed to reasonably mitigate his alleged damages.

4.     Defendant alleges that Plaintiff's damages, if any, are not to the extent and nature alleged.

5.     Defendant alleges that it is entitled to the provisions of the Colorado Health Care Availability Act, C.R.S. § 13-64-101 *et seq*.

6.     Defendant alleges that Plaintiff's damages, if any, may be the result of pre-existing medical conditions and/or not caused or aggravated by the actions or omissions of Defendant.

11

7.      Defendant alleges that Plaintiff's claims are barred or limited by the corporate practice of medicine doctrine.

8.      Defendant alleges that Plaintiff's claims are barred or limited pursuant to C.R.S. § 13-80-102.

9.      Defendant alleges that Plaintiff's claims are barred as he has failed to exhaust administrative remedies.

10.      Defendant alleges that Plaintiff's claims for punitive damages are barred or limited by the provisions of C.R.S. § 13-21-102.

11.      Defendant alleges that Plaintiff's claims for punitive damages are premature under the provisions of C.R.S. § 13-21-102(1.5)(a).

12.      Defendant alleges that Plaintiff's claims for non-economic damages are barred or limited by the provisions of C.R.S. § 13-21-102.5.

13.      Defendant alleges that Plaintiff's claims are barred or limited by the provisions of C.R.S. § 13-64-302.

14.      Defendant alleges that Plaintiff's claims for damages are subject to reduction based on compensation from another source and/or a collateral source pursuant to C.R.S. § 13-21-111.6.

15.      Defendant alleges that Plaintiff's claims are subject to reduction under the doctrine of set-off.

16.      Defendant reserves the right to add or delete any defenses as determined appropriate through discovery.

12

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant requests that Plaintiff's claims against it be dismissed, with prejudice, that it be awarded costs of defense, attorneys fees, and any such other and further relief as the Court deems just and proper.

### JURY DEMAND

Defendant requests trial to a jury on all issues herein.

Respectfully submitted,

Date:  June 28, 2019             s/ Ann B. Smith_____
                                 Ann B. Smith
                                 VAUGHAN & DeMURO
                                 111 South Tejon, Suite 545
                                 Colorado Springs, CO 80903
                                 (719) 578-5500 (phone)
                                 (719) 578-5504 (fax)
                                 asmith@vaughandemuro.com (e-mail)
                                 ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Danielle C. Jefferis, Esq.**
djefferis@law.du.edu

                                 s/ Ann B. Smith_____
                                 Ann B. Smith
                                 VAUGHAN & DeMURO
                                 111 South Tejon, Suite 545
                                 Colorado Springs, CO 80903
                                 (719) 578-5500 (phone)
                                 (719) 578-5504 (fax)
                                 asmith@vaughandemuro.com (e-mail)
                                 ATTORNEY FOR DEFENDANT